**RICE SERVICES, LTD., Plaintiff,**

v.

**UNITED STATES, Defendant.**

**No. 91–1689C.**

United States Claims Court.

March 9, 1992.

William R. Purdy, Jackson, Miss., for plaintiff. Samuel C. Kelly, of counsel.

Steven L. Schooner, Washington, D.C., with whom was Asst. Atty. Gen., Stuart M. Gerson for defendant. Ford R. Cole, Federal Bureau of Investigation, of counsel.

## OPINION

MARGOLIS, Judge.

This government contracts case is before the court on the parties' cross-motions for

summary judgment. Plaintiff Rice Services, Ltd. commenced this action by seeking a temporary restraining order to prevent defendant from awarding a contract. Defendant agreed to refrain from awarding the contract pending the resolution of this case.

## FACTS

The Federal Bureau of Investigation (FBI) released Request for Proposal No. 6019 (RFP) to procure food services for the FBI Academy at Quantico, Virginia. The RFP dictated that all proposals be submitted on or before August 14, 1991 and contain an acceptance period of a minimum of sixty days. All responding offerors tendered proposals complying with the acceptance period requirement.

Before the expiration of the sixty day acceptance period (on October 13, 1991), plaintiff extended its offer for an additional thirty days on October 11, 1991. The FBI did not request such an extension, and no other offeror acted to extend its offer prior to the expiration of the original acceptance period. On October 17, 1991, after the expiration of the sixty day acceptance period, the FBI asked all offerors to extend their original offers for an additional sixty days. All offerors agreed to the extension, including plaintiff which extended its acceptance period sixty days from the date of the FBI's request.

Following written exchanges with the FBI in which plaintiff contended that offerors who had not extended their acceptance periods prior to expiration should be precluded from further consideration, plaintiff filed suit in this court seeking a temporary restraining order. Defendant agreed to stay the contract award until this court resolves the case.

## DISCUSSION

The sole issue before the court is whether it is proper for a contracting officer to revive the proposals of offerors after the original acceptance period has expired when one offeror extended its acceptance period prior to expiration. Plaintiff maintains that defendant has undermined the integrity of the competitive bidding system by allowing a revival of proposals. Plaintiff also contends that defendant has granted all the offerors other than itself "a second opportunity to decide whether to accept fluctuating market risks." In support of its position, plaintiff relies heavily on the decision of the Comptroller General in *Bay Business Machines, Inc.*, B–226086, Jan. 30, 1987, 87–1 CPD ¶ 108. There, the protestor failed to extend its bid acceptance period at defendant's request. As a result, defendant refused to allow the protestor to revive its bid because to do so would prejudice those offerors who had timely complied with defendant's request. The Comptroller General reasoned that if it allowed revival, the protestor's exposure to the risks and uncertainties of the marketplace would be unfairly limited because the protestor would not have been bound to its initial bid price for an uninterrupted period of time, as were the offerors that complied with defendant's request.

Implicit in the reasoning of *Bay Business* is that the potential prejudice to the complying offerors is tied to the protestor's failure to follow the contracting officer's request that it extend its acceptance period. As defendant notes, *Bay Business* is distinguishable from the instant case because here defendant never asked the offerors to extend their initial bids prior to expiration. Consequently, no one failed to comply with defendant's directives and the potential for prejudice found in *Bay Business* is not present here.

The recent decision of the Comptroller General in *Rubbermaid, Inc.*, B–238631, May 2, 1990, 90–1 CPD ¶ 444, is more on point with the instant case. *Rubbermaid's* facts are similar to those in the instant case: although one bidder had extended its acceptance period prior to expiration, the General Services Administration asked the other original bidder to revive its bid after the acceptance period had expired. The Comptroller General found that to allow revival in such circumstances did not impair the integrity of the bidding system because the reviving offeror merely complied with the GSA's requests and in no

way intended seek an advantage over Rubbermaid.

Here, defendant simply asked the offerors to revive bids that had expired. For their part, the reviving offerors took no action that could compromise the integrity of the bidding system, such as by limiting their original acceptances to a period shorter than that demanded by the contracting officer. *See United Electric Motor Co., Inc.*, B–191996, September 18, 1978, 78–2 CPD ¶ 206. If, in the future, defendant decides to allow the offerors to revise their bids, it will have to permit all current offerors, including plaintiff, to do so. *Id.* In sum, plaintiff has not demonstrated that the integrity of the competitive bidding system will be compromised in these circumstances by permitting offerors to extend their acceptance periods.* Although not bound by decisions of the Comptroller General, this court finds *Rubbermaid* and *United Electric* persuasive and chooses to follow them. *See International Graphics, Div. of Moore Business Forms, Inc. v. United States*, 4 Cl.Ct. 515, 519 (1984).

## CONCLUSION

For the foregoing reasons, the summary judgment motion of defendant is granted and that of plaintiff is denied. The complaint for declaratory and injunctive relief will be dismissed by the clerk of the court. No costs.

---

\* This court notes that bidders in a negotiated procurement using Standard Form (SF) 33, the form used by the bidders in the instant case, may withdraw their proposals "at any time before award." FAR 52.215–10(h). Therefore, although plaintiff, in its business judgment, arguably took a greater risk than the other offerors by extending its acceptance period prior to expiration, plaintiff continues to possess the option of withdrawing from the solicitation if it so chooses. *See Pedestrian Bus Stop Shelters, Ltd.*, B–212570, March 20, 1984, 84–1 CPD ¶ 331. Contrary to plaintiff's position, this court construes block 12 of SF 33 only as a limitation on the alteration of price terms, not as a limitation on the offeror's power to withdraw.